JOSEPH B. HOYT et al., Respondents, *v.* ABRAHAM W. GODFREY, Appellant.

To constitute a disposition of property by a debtor with intent to defraud his creditors, the thing disposed of must be of value, out of which a creditor could have made a portion of his claim, it must have been transferred by the debtor, and this with intent to defraud.

Where, therefore, a debtor, on the eve of a general assignment, canceled upon his books, without consideratien, an old account against one who was insolvent, *held,* that this did not amount to a disposition of property with intent to defraud, as the debt was not property within the purview of the statute, the entry did not amount ·to a transfer or disposition of it, and the fact of the entry was no evidence of intent to defraud.

(Argued March 14, 1882; decided April 11, 1882.)

THIS was an appeal from an order of General Term affirming an order of Special Term which denied a motion to vacate an order of arrest herein.

The complaint alleged a fraudulent disposition of his property by defendant with intent to defraud his creditors.

The court here held the fact disclosed by the affidavits did not justify the order of arrest. The facts in relation to the prominent point presented, together with the views of the court thereon, appear in the following extract from the opinion :

" The next and most serious ground relied upon is, that the defendant, in contemplation of his assignment, canceled an indebtedness of $5,806.60 due from his brother Henry. That this cancellation was made is not denied, and the question here is, whether it was so made without consideration and with fraudulent intent. The indebtedness had existed since the defendant purchased Henry's interest in the business, during which time the brother had been in the defendant's employ at a salary of $3,000 per year as traveling salesman. Nothing had been paid on this indebtedness, and the brother was insolvent. The cancellation was made by a single entry made in the books to the credit of the brother. When questioned about it in the proceedings supplementary to execution, *it is said in the* moving papers that the only explanation the defendant gave of it was that Henry was poor and had six children. Assuming that the defendant intended to cancel this indebtedness for the

reason claimed by the plaintiff, does it follow that such act amounts to a disposition of his property with intent to defraud his creditors? To constitute such a disposition of property, three things must concur; *first*, the thing disposed of must be of value, out of which the creditor could have realized all, or a portion of his claim; *second*, it must be transferred, or disposed of by the debtor; and, *third*, this must be done with intent to defraud. Does a debt, payment of no part of which can be enforced by reason of the insolvency of the debtor, constitute property within the purview of this statute? We doubt it. (*Shultz* v. *Hoagland*, 85 N. Y. 464.) Does such an entry in the books of account amount to a transfer or disposition of the debt? We think not. If made without consideration it does not amount to a satisfaction of the debt. The assignee could sue and recover judgment for it as if such entry had not been made. But however this may be, if the debtor believed the debt to be worthless, it could hardly be said that he canceled it with intent to defraud his creditors. That the debt was in fact of no value, and that the defendant so regarded it is apparent from the evidence in the case. He canceled it on the eve of making a general assignment for the benefit of his creditors, when he must have known that the books would pass into the hands of the assignee and be open to the inspection of his creditors when its fraudulent character, if it was in fact fraudulent, would be discovered. No false or fictitious entries were made to account for or explain the entry in question. If the defendant believed that this account was of value, and his intent was to cheat and defraud his creditors of the amount due him from his brother Henry, it is difficult to understand why he should not have attempted to allay suspicion and prevent investigation by making false entries of credits which would appear, on their face at least, to be honest and fair. The absence of such entries, together with the acknowledged worthlessness of the debt, and the relationship existing between the debtor and creditor, we think sufficiently explain this entry; at least, standing alone, it is not sufficient to sustain the charge that the defendant disposed of his property with intent to defraud his creditors. It would, at most, amount to but constructive guilt, but the constructive guilt of

a debtor, who is innocent in fact, is not sufficient ground of imprisonment. Actual intent to defraud should be clearly established. (*Spies* v. *Joel*, 1 Duer, 669 ; *Caldwell's Case*, 13 Abb. 415; *Birchell* v. *Strauss*, 28 Barb. 296 ; *Krauth* v. *Vial*, 10 Abb. 139 ; *Pacific Mutual Ins. Co.* v. *Machado*, 16 id. 454.)

*Samuel C. Mount* for appellant.

*William B. Tullis* for respondent.

TRACY, J., reads for reversal of orders of General and Special Terms, and for granting motion to vacate order of arrest.
All concur, except RAPALLO, J., absent.
Ordered accordingly.