Daniels, J.
The order was made under the authority of subdivision 2, section 550 of the Code of Civil Procedure. The application for it depended wholly upon two affidavits, one of which was devoted to proof of the indebtedness in this action, and of other indebtedness owing by the defendant who *522 has appealed, and his copartner. By the other affidavit it was stated that the partner of the appellant had informed the person making it, that the appellant had withdrawn $4,800 in cash, being the larger portion of his capital, from the firm, and had concealed its withdrawal by false entries made by himself in the copartnership books. This statement was comma-' uicated to Reed,.the appellant, who admitted that he had with drawn this amount from the funds of the firm, but excused himself for doing so by the statement that losses had been suffered in the business, and that his partner Atwater had transferred a large portion of his property to his wife without consideration. From this statement and a statement exhibiting the financial condition of the firm to a mercantile agency, the conclusion was drawn by the persons making the affidavit that both defendants, since the making of their purchases, had removed or disposed of their property, or were about to do so, with intent to defraud their creditors. And the latter part of the statement made by the appellant as it was further sustained by the information received from Mr. Bradley, showing the transfer of corporate stock by Atwater to his wife, may have been sufficient to support an order for his arrest on this ground against Atwater. But the fact that he may have disposed of his property to defraud his creditors, or the creditors of the firm, will not support an order for the arrest of his copartner Reed. To entitle the plaintiff to such an order the law requires that the charge of fraudulent misconduct of the alleged description shall be sustained against the person to be arrested, and that will not he proved simply by showing such misconduct on the part of his partner (National Bank, &c., agt. Temple, 39 How., 432; Hathaway agt. Johnson, 55 N. Y., 93; Sherman agt. Smith, 42 How., 198).
But neither of the affidavits establishes the fact that any fraudulent disposition was made or intended by Reed. All that has been proved against him is that he drew this amount of money from the business of the firm for the reason that it had suffered severe losses, and his partner Atwater had already *523 transferred a large portion of his property to his wife without consideration. It cannot be inferred from these facts, without further proof, that Reed had either disposed of any part of this sum of money or that he intended to do so, to defraud any of his creditors, and without that inference being supported, the plaintiff was not entitled to an order for his arrest (Hoyt agt. Godfrey, 88 N. Y., 669). In this respect the case is distinguishable from Hitchcock agt. Peterson (14 Hun, 389), where positive fraud was found to be sustained against both of the defendants.
To entitle a party to an order of arrest, a reasonably plain case must be made out. That has been so frequently held as to require no reference to the authorities supporting the principle. Such a case was not made out against the defendant Reed, and the order from which the appeal has been taken should be reversed, with ten dollars costs and also the disbursements, and an order made vacating the order of arrest.
Davis, P. J., and Beady, J., concurred.