THE HANOVER VULCANITE COMPANY, RESPONDENT, *v.* NATHAN NATHANSON, APPELLANT, IMPLEADED WITH SELLY JACOBSON.

*Order of arrest — what facts show a fraudulent disposition of firm property with intent to defraud creditors.*

In an action commenced against one Nathanson, by his copartner, to dissolve the firm, a summons had been issued and served, but an injunction restraining Nathanson from interfering with the property, pending the action, had not been served, although granted, for the reason that Nathanson kept out of the way in order to avoid service. Nathanson at the time had in his possession bills of lading of goods then in bond, upon which the duties had not been

paid. Without the knowledge of his copartner he withdrew these goods and converted them to his own use. In this action, brought by a firm creditor against Nathanson and his partner, an order for the arrest of Nathanson was granted upon the ground that he had fraudulently disposed of firm property with intent to defraud its creditors.

*Held,* that the order was properly granted

APPEAL from an order of the Special Term, denying a motion to vacate an order of arrest.

*G. Putzel,* for the appellant.

*Ten Eyck & Remington,* for the respondent.

DAVIS, P. J.:

The warrant in this case is granted against one of the defendants for the fraudulent disposition of property belonging to the firm with intent to defraud its creditors.

It appears, in substance, that for certain misconduct of the defendant Nathanson, his copartner had commenced an action to dissolve the firm, and had applied for an injunction restraining Nathanson from interfering with the firm property pending the action. A summons in the action had been served, but the injunction was not served for the reason that Nathanson was keeping out of the way so that he could not be found to make service. Nathanson must be assumed to know that the effect of the action commenced by his partner was to put the property of the firm in a position where it would properly be applied to the payment of the debts of the firm. Some portion of the property consisted of goods in bond on which the duties had not then been paid. Nathanson had possession of the bills of lading of these goods, and after the service of the summons on him, which commenced the action to dissolve the partnership, he, without the knowledge of his copartner, made entry of the goods for withdrawal from the bonded ware-house and got possession of the same, and without bringing them into the partnership assets, or entering them upon the books of the firm, disposed of them, as the allegation is, for his own benefit and with intent to defraud the creditors. The value of the goods was about $1,450.

The facts shown establish to our satisfaction the three things held to be necessary to constitute a fraudulent disposition by the debtor of his property: First. That the thing disposed of must be of value. Second. It must be transferred or disposed of by the debtor.

Third. It must be done with intent to defraud creditors. (*Hoyt* v. *Godfrey*, 88 N. Y., 669.)

The first two of these facts are very clearly established in this case; and the last, which is the intent to defraud, is satisfactorily shown, as we think, because such a state of facts is shown as would establish that but for the conduct of the defendant the creditors of the firm would have been entitled to have the property disposed of to apply upon the firm debts, and that they have been deprived of such property by the action of the defendant. It is claimed that the affidavits only show an intent on the part of Nathanson to defraud his copartner. It is true they show that, but they also show a condition of things in respect of the firm property which establishes that in defrauding his copartner, he of necessity defrauded his creditors, because his taking the firm property and disposing of it under the circumstances for his own benefit, after the suit for the dissolution of the firm had been commenced, was directly depriving the creditors of that property as an asset of the firm which in the suit would have been applied upon its indebtedness. He does not see fit to answer the plaintiffs' affidavits but moves upon them alone and must be bound by every fair inference that may be deduced from them. His concealment to avoid service of process is a circumstance tending to characterize with fraud all his other proceedings.

We think the order should be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.