(11 Misc. Rep. 275.)

### KESSLER et al. v. LEVY et al.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

FRAUDULENT CONVEYANCES—FORMATION OF CORPORATION BY DEBTORS.
    Where the members of a firm formed a corporation with a capital stock of $125,000, $1,000 of which was issued at par for cash paid to the company, and the balance was issued to the partners in consideration of the transfer to the company of all the firm assets, worth about $350,000, and they offered the stock of the company to their creditors, the transfer to the corporation was not fraudulent as to creditors.

Appeal from special term.

Action by William Kessler and others against Berthold Levy and others to recover a balance due for moneys alleged to have been advanced on certain letters of credit issued by plaintiffs for the account and at the request of the defendants. Defendants were arrested on the ground that since the making of the contracts sued on, and in contemplation of making the same, the defendants had removed or disposed of their property with intent to defraud their creditors. From an order denying a motion to vacate the order of arrest, on the ground of the alleged insufficiency of the facts on which it was granted, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

B. F. Einstein, for appellants.

Simon Sultan, for respondents.

BISCHOFF, J. The ground of the defendants' arrest, as it is recited in the order, is "that since the making of the contract upon which this action is based, and in contemplation of making the same, the defendants have removed and disposed of their property with intent to defraud the plaintiffs herein." Upon the motion to vacate the order, it was pertinent to inquire whether or not the facts presented justified the defendants' arrest. If they did not, it was error to deny the motion. The Code of Civil Procedure (section 549, subd. 4, and section 557) authorizes the arrest of the defendant in an action upon contract, where it is alleged in the complaint, and is shown by affidavit, that "since the making of the contract, or in contemplation of making of the same," he has "removed or disposed of his property with intent to defraud his creditors, or is about to remove or dispose of the same with like intent." Not the removal or disposal of the debtor's property merely, or such removal or disposal with intent to hinder and delay creditors, but the removal or disposal of his property with intent to defraud creditors, is made ground for the debtor's arrest. The provisions of the Code of Civil Procedure, in so far as they authorize imprisonment for debt, are penal in their nature. They are, therefore, not to be extended by construction beyond their precise meaning and import (Hathaway v. Johnson, 55 N. Y. 93); and, in view of the policy of the statute to abolish imprisonment for debt, the fraud contemplated by the Code is to be deemed fraud in fact, as distinguished from fraud in law,— actual fraud, not constructive fraud. Id. Accordingly it was held, in a case where the ground of arrest was identical with the one here asserted, that an actual intent to defraud, clearly apparent from the facts, is essential to sustain the validity of the order of arrest. Hoyt v. Godfrey, 88 N. Y. 669. Neither fraud, nor an intention to defraud, will ever be presumed. Surmise or conjecture will not be permitted to take the place of evidence. Fraud, or an intention to defraud, must appear by reasonable inference, at least, from the facts in evidence. The burden of proof is upon the party who alleges the existence of fraud, or of an intention to defraud, and, if the facts in evidence are equally consistent with honest motives, then, manifestly, the burden has not been sustained.

Now, what are the facts of which the plaintiffs predicate their right to the arrest of the defendants? At the time of the incorporation of the company hereinafter referred to, the defendants had been engaged in business as merchants in the city of New York, for upwards of 20 years, under their firm name of Levy & Levis. On August 28, 1893, the firm owed $300,000, inclusive of the plaintiffs' claim, and had assets valued at $350,000. On that day they, with William Seligsberg and George P. Mellick, caused themselves to be incorporated under the name of the Levy & Levis Company, with a capital of $125,000. Of the capital stock, $1,000 was issued at par, paid to the company, and $124,000 was issued to the defendants' firm in consideration of the transfer to the company of all the firm assets. Thus, from the plaintiffs' own showing, the capital stock, which was nominally worth $125,000, was actually worth $351,000, or $51,000 more than was owing by the defendants to their creditors. The stock issued to the firm the defendants at once offered to their creditors, including the plaintiffs, to be accepted either as payment or as collateral security. Some of the creditors accepted the stock; others, including the plaintiffs, refused.

Do the facts narrated sustain an inference of an intention on the part of the defendants to defraud their creditors? We are of the opinion that such a conclusion is unwarranted. Before the claims of their creditors were reduced to liens, the defendants had the absolute right to invest their assets in every legitimate enterprise, and to exchange them for other commodities of at least equal value. Their exercise of that right could not, of itself, therefore, be evidence of fraud, or of an intention to defraud. Let it be assumed that the defendants had exchanged their assets for shares of equal amount of a solvent bank, and then tendered the shares to their creditors in satisfaction of the latters' demands, would the plaintiffs, would any one, have questioned the good faith of the transaction? Why, then, is the exchange of the assets for the capital stock of the Levy & Levis Company to be characterized as fraudulent, as a disposal or removal by the defendants of their property, with intent to defraud creditors? The facts urged to sustain the order for arrest concede that, at the time of the transfer of the defendants' assets to it, the actual value of the capital stock of the company issued to the defendants, and offered by them to their creditors, was in excess of the aggregate amount of the defendants' indebtedness. It may be that it would have been prudent on the part of the defendants, before making the transfer and exchange, to have secured the consent of their creditors. But, admitting that they have been lacking in that respect, it does not follow that they intended to defraud, in view of the plaintiffs' admission that the defendants at once offered the entire avail of the exchange to their creditors. Economy, greater convenience in the management of the business, the maintenance of its good will, and a variety of exigencies, every one of them absolutely consistent with honest motives, afford solutions of the defendants' intention in the transfer of their business to a corporation. True, the former assets of the firm, because of their tangible character, might have afforded the creditors a readier means of realizing their

demands in money, but the preference of creditors in that respect cannot be permitted to take the place of evidence of an intention on the part of the defendants to defraud.    That after the transfer of the defendants' assets and business to it, and after the company's issue of its capital stock to the defendants, partly because of their perishable nature and partly because of a decline in market values, the assets became reduced in value, and so disastrously affected the capital stock, is obviously not attributable to the defendants, nor can those facts have relevancy to the defendants' intention at the time of the transfer of their assets and business in exchange for the stock.    Having reached the conclusion that the facts did not authorize the order of arrest, discussion of the remaining points urged for reversal is unnecessary.    The order denying the defendants' motion to vacate the order is reversed, and the order of arrest is vacated, with costs of the motion and of this appeal to the defendants.    All concur.