(26 App. Div. 515.)

HARRISBURG PIPE-BENDING CO., Limited, v. WELSH.

(Supreme Court, Appellate Division, Second Department. March 15, 1898.)

1. ARREST—FRAUD—SUFFICIENCY OF PAPERS.
    In order to warrant an arrest under Code Civ. Proc. § 549, on the ground of fraud, the papers on which it is granted must state the facts necessary to constitute the fraud.

2. SAME—FRAUD PER SE.
    It is not fraudulent per se for a person in embarrassed circumstances to buy goods, withholding from the seller information of the actual condition of his business affairs, but there must also exist an intention to cheat the seller, or, at least, an intention to do an act the necessary result of which will be to cheat him.

Appeal from special term.

Action by the Harrisburg Pipe-Bending Company, Limited, against Charles J. Welsh. From an order vacating and setting aside an order of arrest, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Hector M. Hitchings, for appellant.

Esek Cowen, for respondent.

WOODWARD, J. The complaint in this action alleges that the defendant purchased certain goods of the Harrisburg Pipe-Bending Company, Limited, to the amount of $742.24, $100 of which has been paid; and, "on information and belief, that the defendant herein was guilty of a fraud in the purchase of said goods, and in contracting or incurring said liability, and that he has, since the making of the contract, removed and disposed of his property, with the intent to defraud his creditors." The arrest was made under the provisions of section 549 of the Code of Civil Procedure, and, upon a motion to set aside the order of arrest, the court granted the motion, and in a memorandum says that "the complaint and affidavit on which the order was granted was not sufficient to show any fraud in contracting the debt. In fact, no representations were made. The statement of things that occurred afterwards is irrelevant. The complaint does not seem to state a case of fraud at all. The statement of evidence in it is not pleaded." There is no good ground for disturbing this conclusion of the court. It is necessary to bring the defendant within the provisions of section 549 of the Code of Civil Procedure, that the facts necessary to constitute the fraud be stated. There is not a single fact stated which is calculated to support the charge of fraud in the purchase of the goods, and the material facts in the affidavit on which the order of arrest was granted are met and overcome by the declarations in the affidavit of the defendant in such a manner as to destroy all presumption of fraud which might grow out of the recital of the plaintiff. "It is not fraudulent per se for a person in embarrassed circumstances," say the court in the case of Pinckney v. Darling, 3 App. Div. 553, 38 N. Y. Supp. 411, "to buy goods, withholding the information from the seller of the actual condition of his business affairs. It seems to be a cardinal factor in cases of this character that there must exist an intent on the part of the purchaser to cheat the seller; or, as said in Nichols v. Pinner, 18 N. Y. 295, there must exist, at least, an intention to do an act the necessary result of which will be to cheat and defraud another. And, as said in the case of Iron Co. v. The Hopatcong and The Musconetcong, 127 N. Y. 206, 27 N. E. 841, the fact of insolvency and the failure of a debtor to disclose the condition of his business, unless there is an intent not to pay for what was purchased, does not constitute such fraud as would entitle a creditor to rescind a contract." See, also, Morris v. Talcott, 96 N. Y. 100; Hotchkin v. Bank, 127 N. Y. 329, 27 N. E. 1050. There is no evidence of intent on the part of the defendant to defraud the plaintiff of its pay. The letters submitted all show an intention to pay, and no fact is established to show that his representations as to his failure to make such payments are not true. It

ought certainly to require as good a case on the pleadings to warrant an arrest as would be required to justify a creditor in rescinding a contract, and in this essential particular the complaint in the case now under consideration does not meet the requirements.

The order of the special term is affirmed, with $10 costs and dis· bursements.　All concur.