(87 App. Div. 222.)

### MANN v. CHRESTOPULOS.

(Supreme Court, Appellate Division, Fourth Department. October 2, 1903.)

1. ARREST—FRAUDULENT CONVEYANCE—INTENT—CONSTRUCTIVE FRAUD—STAT-UTES—VIOLATION.

Laws 1902, p. 1249, c. 528, provides that a sale of a debtor's entire stock of merchandise in bulk, without notifying his creditors thereof, and of the cost and selling price of the merchandise to be disposed of, shall be fraudulent and void as against the seller's creditors. *Held*, that a sale of a debtor's stock of goods in violation of such section was legal or constructive fraud only, and was insufficient, without proof of fraudulent intent, to justify an order for the seller's arrest under Code Civ. Proc. § 549, subd. 4, authorizing a creditor to arrest his debtor on the ground that he has disposed of his property, consisting of merchandise, with intent to defraud his creditors.

2. SAME—AFFIDAVITS.

Where affidavits to secure a debtor's arrest as authorized by Code Civ. Proc. § 549, subd. 4, on the ground that he had disposed of his property, consisting of merchandise, with intent to defraud his creditors, contained mere general statements that the transaction was fraudulent, without any facts tending to show that the sale was made with the purpose of cheating the seller's creditors, they were insufficient.

Appeal from Special Term, Oneida County.

Action by Henry D. Mann against Speros C. Chrestopulos. From an order denying a motion to vacate an order for defendant's arrest he appeals. Reversed.

¶ 2. See Arrest, vol. 4, Cent. Dig. § 67.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

D. F. Searle, for appellant.
Robert H. Gere, for respondent.

SPRING, J. The plaintiff claims to be a creditor of the defendant, and has procured his arrest pursuant to an order therefor on the ground that the defendant has disposed of his property, consisting of merchandise, with intent to defraud his creditors. Code Civ. Proc. § 549, subd. 4. The particular act constituting the alleged fraudulent conduct is that the defendant sold to one Limbres, in September, 1902, his entire stock of merchandise in bulk, without notifying the creditors of the seller of the proposed sale and of the cost and selling price of the merchandise so to be disposed of, as required by chapter 528, p. 1249, of the Laws of 1902. That act provides that such a sale "shall be fraudulent and void as against the creditors of the seller." Without passing upon the validity of that statute, we apprehend the order appealed from cannot be upheld solely for the reason that it is violative of its provisions. The essence of the order of arrest granted pursuant to subdivision 4 of section 549 of the Code of Civil Procedure is that the acts charged must have been committed by the defendant "with intent to defraud his creditors." The fact that the sale may be in conflict with some statutory provision, and hence constitute legal or constructive fraud, because so denominated in the statute, does not bring it within the compass of the subdivision referred to, where the actual intent of the defendant to defraud is the pith of the charge. The act which it is claimed the defendant has violated makes a certain sale "fraudulent and void"; that is, a sale within its condemnation may be set aside as fraudulent, irrespective of the good or bad motive inspiring it. The question of intent is unimportant. On the other hand, an order of arrest may be granted only when authorized by Code, § 557, and the fraudulent purpose must be manifest. Hoyt v. Godfrey, 88 N. Y. 669; Morris v. Talcott, 96 N. Y. 100; Harrisburg Pipe Co. v. Welsh, 26 App. Div. 515, 50 N. Y. Supp. 299.

Nor do we agree with the contention of the counsel for the respondent that, ignoring the act mentioned, the facts warrant the order. The only cogent fact stated in the complaint is that the defendant sold this stock of goods in bulk, without conforming to the preliminaries contained in that act. To be sure, there is in the complaint and in the affidavits a general statement that the disposition of the property was fraudulently made; but it is patent that the alleged fraud consisted in making the transfer without doing what the statute prescribed. The general statement that the transaction was fraudulent is merely a conclusion, and insufficient. There are no facts tending to show that this sale was made with the purpose of cheating the creditors of the seller. The purchase price was to be retained to pay his creditors. It does not appear that either the defendant or Limbres was insolvent. In fact, the affidavits are barren of those facts essential to stamp the transaction as one gotten up to divert the property in fraud of the creditors of the seller.

The order should be reversed, with $10 costs and the disbursements of this appeal, and the order of arrest vacated, with $10 costs.
So ordered. All concur.