■ ARTHUR WAUGH, as Attorney-in-Fact for C. LEONARD LAPADULA, Respondent, v. FIREMEN'S FUND INSURANCE COMPANY, Appellant. STETTER & LEVY, Defendants and Third-Party Plaintiffs, v. CONTINENTAL CASUALTY COMPANY, Third-Party Defendant.— Order entered July 14, 1966, to the extent that it denied moving defendant's cross motion for summary judgment, unanimously modified, on the law, to grant summary judgment to moving defendant, and otherwise affirmed, with $50 costs and disbursements to appellant. Concededly the one-year limitation for the bringing of this action on a policy of fire insurance has expired. Plaintiff, however, contended that defendant is estopped to assert the defense. The contention is based on the facts set out below. Plaintiff previously brought an action against the moving defendant on the same policy. The action was dismissed for failure to prosecute. Plaintiff appealed to this court. To excuse the delay plaintiff contended that he was induced to refrain from prosecuting the action by the insurance company's fraud. The alleged fraud consisted of pleading that the hazard of the policy had been increased by allowing the premises to remain vacant and by examining the plaintiff before trial to establish the defense. The policy, however, had a rider which permitted the premises to be unoccupied. These contentions were fully explored on a motion to reargue the determination of this court, adverse to the plaintiff, on the appeal. It was then determined, on the basis of facts which then and now were not controverted, that no fraud was practiced on plaintiff. It therefore appears that plaintiff has failed to set forth any facts to support an issue of estoppel. Lacking such estoppel, the defense of limitations is unchallenged and defeats the action. Concur — Botein, P. J., Stevens, Steuer, Tilzer and Rabin, JJ.

■ GLADYS LABETTI et al., Appellants, v. FANLEY ASSOCIATES INC., Respondent.— Judgment unanimously reversed, on the law, and on the facts, and a new trial ordered, with $50 costs and disbursements to abide the event. In this personal injury action it is alleged the female plaintiff was caused to fall down a stairway of a multiple dwelling because of foreign matter on one of the steps. The court's charge enabled the jury to decide the issue of constructive notice to the defendant solely on the failure of the witness Carieri to observe the foreign matter shortly before the occurrence. The ultimate factual issue is whether the foreign matter was present during the period the plaintiff alleges; that the said witness did not see the condition is a relevant consideration but not conclusive on the issue of constructive notice. The said charge constituted prejudicial error. The court's refusal of plaintiffs' request to charge the provisions of subdivisions 1 and 2 of section 80 of the Multiple Dwelling Law, pertaining to the duty of the owner of a multiple dwelling to keep the hallways clean, was also prejudicial error. (*Taggart* v. *Vogel,* 3 N Y 2d 58, 60; *Vallina* v. *Wright & Kremers,* 7 A D 2d 101, 109.) Moreover, the exclusion of evidence as to the extent of artificial lights at or near the site of the occurrence also was erroneous. Plaintiffs do not ground negligence on the inadequacy of the lighting. Nevertheless, it is the burden of the plaintiffs to establish freedom from contributory negligence on which issue the extent of light and the visual capacity of the female plaintiff was relevant. An appropriate charge would limit evidence of the lighting to the issue of contributory negligence. (*Nappi* v. *Falcon Truck Renting Corp.,* 286 App. Div. 123, 127.) Concur — Botein, P. J., Stevens, Tilzer and McNally, JJ.