■ TRUSTEES OF HAMILTON COLLEGE, Respondents, v MARY F. CUNNINGHAM, Appellant, et al., Defendant. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: In 1970 defendant James S. A. Cunningham was employed as a Professor of Classics at Hamilton College. Plaintiffs, as was their custom, conveyed to him and his wife, codefendant Mary Frances J. Cunningham, for the sum of $1 certain real estate upon which to build a residence. The deed contained an option to repurchase which provided that the real property would belong to defendants as long as it was occupied or used as a residence for an active or retired member of the faculty or his unmarried widow. The college also loaned defendants mortgage funds at a preferred rate for construction of a residence. Professor Cunningham and his wife subsequently separated (they were divorced in November, 1978) and since June, 1977 the professor has lived in an apartment owned by plaintiffs. Plaintiffs want the residence reconveyed and they have initiated the appraisal and repurchase procedures outlined in the deed. When Mrs. Cunningham refused to convey her interest, they sued for specific performance of the "option to repurchase" contained in the deed and they have obtained summary judgment. Mrs. Cunningham then conveyed her interest to her two infant children, in trust, and plaintiffs sued to vacate that conveyance and again obtained summary judgment. Only Mary Frances J. Cunningham, in her individual capacity, appeals from these two orders granting summary judgment. Appellant has admitted in her pleadings that neither Professor Cunningham nor any other active or retired member of the Hamilton College faculty occupies or uses the premises, and she admits the essential allegations which establish that plaintiffs have proceeded in timely and regular fashion to reacquire the premises. The defense alleged in her answer and in response to the motion for summary judgment was that counsel for plaintiffs, at the time of closing and in the presence of others, represented to her that the option to repurchase "was not intended to apply to situations wherein the member of the faculty of Hamilton College was for some reason residing elsewhere, as long as the couple was still married." The language of the option does not support such an interpretation but even assuming that such an oral representation might be sufficient to establish an estoppel (see *Wikiosco, Inc. v Proller,* 276 App Div 239), plaintiffs submitted evidence which disproved appellant's claim. She offered nothing in reply (see *Waugh v Firemen's Fund Ins. Co.,* 27 AD2d 654, affd 21 NY2d 867), and when the divorce subsequently became final the defense became academic. Appellant also contends that the court abused its discretion in denying her motion for adjournment of the first motion for summary judgment and in refusing to permit her to amend her answer. Appellant was originally represented by counsel in both this specific performance action and her matrimonial action. For reasons not disclosed, she discharged her attorney in May, 1978. The motion for summary judgment declaring specific performance was served June 12, 1978 and returnable July 12, 1978. On the return date appellant moved for an adjournment to obtain counsel. She also requested permission to serve an amended answer which stated again and in conclusory fashion, her contention that the nature of the option was misrepresented to her. The court permitted her to read the amended answer, to argue from it, and to talk briefly with her former counsel who was present in the courtroom. Significantly, the amended answer admitted that Professor Cunningham no longer occupies the subject premises. The motions were addressed to the discretion of the

court. Considering the periods of time involved and the nature of the defense offered in the answer prepared by counsel and the proposed amended answer, we find no error in the court's ruling in denying the motion to amend and the motion for an adjournment to obtain counsel (CPLR 321, subd [c]; *Hendry v Hilton,* 283 App Div 168). The order granting summary judgment directing specific performance of the option should be affirmed. While this motion was pending, appellant conveyed the property to her two infant children, defendants Alexander Harris Cunningham and Mary Frances Allison Cunningham, in trust. When plaintiffs discovered that conveyance, they initiated the cause of action, subject of the second appeal, to set aside the conveyance to the children as fraudulent and they successfully obtained summary judgment in that action. In the action to set aside the conveyance appellant contends that the judgment may not be enforced against the infants because they were unrepresented by a guardian ad litem and her interests are adverse to theirs. It is difficult, however, to see any conflict. The children could take only that property interest which appellant was able to convey. Neither appellant nor her new counsel saw a conflict requiring an application to the court for appointment of a guardian either in the trial court or on this appeal, and appellant has pursued this appeal only in her individual capacity. Under the circumstances, the infants' interests were adequately protected in the action by their mother and the appointment of a guardian ad litem was not required (see CPLR 1201). Next, appellant contends that this was not a fraudulent conveyance within the legal contemplation of article 10 of the Debtor and Creditor Law (see, especially, §§ 270, 273, 275). We think the language of the statute broad enough to encompass the legal liability imposed upon appellant by the language of the deed and that her conveyance to her children without consideration was fraudulent if done with actual intent to defeat plaintiffs' rights (see Debtor and Creditor Law, § 276). Actual intent, as distinguished from intent presumed in law, however, is normally a question of fact which would preclude summary judgment (see Real Property Law, § 265; *Altman v Finkel,* 268 App Div 666, affd 295 NY 651; *Glenmore Distilleries Co. v Seideman,* 267 F Supp 915, 919). We therefore consider the action as one seeking specific performance (CPLR 103, subd [c]; *Matter of Phalen v Theatrical Protective Union No. 1,* 22 NY2d 34). Since there is no question of fact preventing summary judgment on the pleadings, we affirm and direct that Mary Frances J. Cunningham, as trustee for her infant children under the deed dated June 1, 1978, reconvey the premises to plaintiffs, and that the trial court retain jurisdiction to determine the shares to which the infants are entitled from the proceeds paid the parents upon the conclusion of the resale to the plaintiffs. We have considered the other points raised in the briefs and find them without merit. (Appeal from order of Oneida Supreme Court—summary judgment.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.