■ HAZEL KEEN, Individually and as a Shareholder of Lebanon Hills Farms, Inc., Respondent, v MURRAY KEEN et al., Appellants. (And Four Other Related Actions.)—Yesawich, Jr.,

The events underlying this appeal are virtually identical to, and in fact are an extension of, those previously considered by this court in *Keen v Keen* (113 AD2d 964, *lv dismissed* 67 NY2d 646). Five separate actions initiated by plaintiff, and since consolidated, seeking both equitable relief and punitive damages, are directed primarily at defendant Murray Keen (Keen) and corporations controlled by him. Initially, by court order and thereafter by stipulation of settlement entered into by the parties, the punitive damage aspect of each case was severed and referred to Trial Term for a hearing; in the interim the equitable relief plaintiff sought, annulment of various deeds and mortgages, was effected. *Keen v Keen (supra)* decided in principle many of the issues presented by this appeal. There, following an inquest, conveyances made by corporate defendants Fentress Corporation (Fentress) and Investors Data Technology, Inc. (IDT) were set aside as fraudulent and plaintiff was awarded punitive damages as against them.

Thereafter, another inquest was conducted, this one for the purpose of recovering punitive damages against Keen individually and defendant Sultan Capital Corporation (Sultan), which also participated in the underlying fraud, namely, conduct designed to thwart plaintiff's recovery of a judgment previously rendered in the Keens' matrimonial action. At the conclusion of that inquest, Trial Term awarded plaintiff punitive damages of $100,000 against Sultan and Keen. Both defendants appeal.

Evidence adduced at the hearing of Sultan's participation in the fraud is, to a large extent, based upon the same factual underpinning which gave rise to the punitive damage award

made against Fentress and IDT; hence, like punishment is called for here. It is also worth noting that Sultan's involvement consisted not only of being a participant in fraudulent mortgage transfers, but also of playing a principal role in a perverse plan to obstruct the course of justice by acting as a launderer of money for the illegal purchase of Keen's residence.

As for Keen, Trial Term's finding, that over a period of six or seven years he intentionally and willfully pursued a course of conduct bordering on criminality, consisting of a series of fraudulent transfers and vexatious lawsuits in both State and Federal courts which had as their purpose preventing plaintiff from enforcing the judgment secured in the parties' divorce action and impairing her stock ownership in corporations in which she was either the sole or a substantial stockholder, is amply borne out by the record. That Keen's conduct, evincing, as it does, a high degree of moral turpitude and wanton dishonesty, warrants imposition of punitive damages is apparent *(see, Hutchins v Utica Mut. Ins. Co.,* 107 AD2d 871, 873).

The complaints in the actions herein seek equitable relief as well as punitive damages. By stipulation, the parties explicitly acceded to a severance of the damage issue and to a hearing thereon before Trial Term. Plaintiff's claim for equitable relief having been asserted and allowed, defendants' contrary assertion notwithstanding, an award of punitive damages is proper *(see, Keen v Keen, supra).* Furthermore, since defendants' misconduct cannot fairly be said to have been any less offensive than that which preoccupied Fentress and IDT, against whom a $100,000 punitive award was upheld, defendants' contention that the award herein was excessive is untenable. We have considered the other points advanced by the parties and find them unavailing.

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.