■ KEY BANK OF WESTERN NEW YORK, N. A., Respondent, v KESSLER GRAPHICS CORPORATION et al., Appellants. (Appeal No. 1.)—Appeal from order unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567); judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff seeks to recover damages it incurred as the result of a default on various promissory notes executed by defendant the Kessler Graphics Corporation. Specifically, plaintiff's complaint refers to three promissory notes. The first note, executed July 27, 1981, obligated Kessler Graphics to repay Bankers Trust Company of Western New York, plaintiff's predecessor in interest, the sum of $150,000 plus interest. Simultaneous with execution of that first note, Kessler Graphics executed a Continuing General Security Agreement whereby Kessler Graphics pledged a security interest in all of its personal property, equipment, inventory, and accounts receivable to plaintiff's predecessor in interest. The second note referred to in the complaint is a promissory note executed August 26, 1982, under which Kessler Graphics agreed to pay plaintiff's predecessor in interest the sum of $13,000 plus interest. The third note, dated April 10, 1986, obligated Kessler Graphics to pay plaintiff the sum of $24,500 plus interest. As collateral on that note, defendant Morris Diamond pledged 32,000 shares of stock in defendant Clinical Data, Inc. Kessler Graphics defaulted on each of those notes on June 12, 1986.

While the court properly granted plaintiff's motion for partial summary judgment on all counts against defendant Kessler Graphics, it was error to enter judgment against defendant Morris Diamond in the amount of $74,782.93 plus interest, costs, and disbursements. We agree with Supreme Court's determination that the parties' submissions on the

motion conclusively establish that defendant Morris Diamond defrauded plaintiff by diverting Kessler Graphics' accounts receivable. Thus, we affirm so much of the judgment against Morris Diamond as permits plaintiff to recover that amount which Diamond fraudulently diverted from Kessler Graphics in contravention of the July 1981 Continuing General Security Agreement *(see generally, We're Assocs. Co. v Cohen, Stracher & Bloom,* 65 NY2d 148, 152; *Walkovszky v Carlton,* 18 NY2d 414, 420). We disagree, however, with the court's conclusion that no questions of fact exist on the issue whether Morris Diamond, in pledging the 32,000 shares of Clinical Data stock as collateral on the April 1986 note between plaintiff and defendant Kessler Graphics, intended to defraud plaintiff *(see, Farmers Prod. Credit Assn. v Taub,* 121 AD2d 681; *Trustees of Hamilton Coll. v Cunningham,* 70 AD2d 1048). Thus, the court erred insofar as it entered judgment awarding plaintiff: (1) damages for the expenses it incurred in replacing the stock, and (2) possession and title to the 96,000 shares of Clinical Data stock formerly held by defendant Morris Diamond. To the extent that the judgments against defendants Southward Investments and Lovewest Limited are dependent upon the court's conclusion, as a matter of law, that defendant Morris Diamond defrauded plaintiff by pledging 32,000 shares of Clinical Data stock to secure the April 1986 note, such judgments must be reversed.

The court also erred in granting plaintiff's motion for partial summary judgment as against defendant Shirley Diamond. Whether Mrs. Diamond was unjustly enriched by her receipt of the 96,000 shares of Clinical Data stock from her husband is dependent, at least in part, upon the factual question whether Mr. Diamond himself perpetrated a fraud in pledging the 32,000 shares of Clinical Data stock as collateral on the April 1986 note.

We also recognize plaintiff's concession that the court erred in granting judgment against defendant Amherst Products Sales Corp. and agree that such portion of the judgment must be reversed. (Appeal from Order and Judgment of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.