■ KEY BANK OF NEW YORK, Respondent, v MORRIS DIAMOND et al., Appellants. [611 NYS2d 382] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In an earlier appeal to this Court, we, *inter alia,* reversed a grant of summary judgment to plaintiff on its cause of action against defendant Morris Diamond alleging that he intended to defraud plaintiff when he pledged 32,000 shares of allegedly worthless Clinical Data stock as security for a loan to Kessler Graphics Corp. *(Key Bank v Kessler Graphics Corp.,* 177 AD2d 1048). We also found questions of fact on the issue of Morris Diamond's intent when he subsequently transferred 96,000 shares of Clinical Data stock to his wife, defendant Shirley Diamond *(see, Key Bank v Kessler Graphics Corp., supra,* at 1049). We modified the judgment by striking the award of damages against Morris Diamond and the transfer of possession of 96,000 shares of Clinical Data stock to plaintiff, and remitted the matter to Supreme Court for further proceedings *(Key Bank v Kessler Graphics Corp., supra).*

At trial, the jury found that Morris Diamond intended to defraud plaintiff when he pledged 32,000 shares of Clinical Data stock as collateral for a loan to Kessler Graphics Corp., knowing that the stock certificates were no longer valid because they had been recalled and replaced by new certificates when the stock went public several years earlier. The jury awarded plaintiff compensatory damages in the amount of $77,180.77, later reduced by Supreme Court upon plaintiff's stipulation to $20,891.17. The jury, finding that Morris Diamond's misrepresentation was "wanton and reckless, or malicious", awarded punitive damages of $250,000.

The jury further found that the subsequent transfer of 96,000 shares of Clinical Data stock by Morris Diamond to Shirley Diamond was made without consideration and "with intent to hinder, delay or defraud" plaintiff. In an interlocutory judgment, Supreme Court awarded possession of the 96,000 shares of stock to plaintiff to satisfy the judgment against Morris Diamond, as well as any judgment subse-

quently awarded for, *inter alia,* plaintiff's attorney's fees. The issue of the amount of attorney's fees was referred to a Judicial Hearing Officer.

We conclude that the evidence adduced at trial overwhelmingly supports the jury's finding that Morris Diamond, in pledging 32,000 shares of stock that he knew were worthless, intended to defraud plaintiff *(see, Marine Midland Bank v Murkoff,* 120 AD2d 122, 128-129, *appeal dismissed* 69 NY2d 875). We likewise conclude that the evidence is sufficient to support the jury's finding that Morris Diamond's transfer of stock to his wife was with actual intent to hinder plaintiff's collection efforts. Consequently, the conveyance was properly set aside with respect to plaintiff and the stock properly awarded to plaintiff to satisfy its judgments against Morris Diamond *(see, Federal Deposit Ins. Corp. v Porco,* 75 NY2d 840, 842).

We agree with defendants that punitive damages were improperly awarded. Punitive damages are available in fraud actions if defendant's acts constitute "willful, wanton and reckless misconduct", even if there is no harm aimed at the public generally *(see, Giblin v Murphy,* 73 NY2d 769, 772). The question that must be resolved is whether defendant's acts were "gross, wanton, deliberate, evinced a reckless disregard for the plaintiffs' rights, and, moreover, attained that high degree of moral culpability required to justify an award of punitive damages" *(V.J.V. Transp. Corp. v Santiago,* 173 AD2d 537, 539; *see also, Keen v Keen,* 124 AD2d 938, *lv denied* 69 NY2d 609; *Laks v Springer,* 101 AD2d 1001). Morris Diamond's pledge of worthless stock certificates as security for a business loan by plaintiff of $24,500, although fraudulent, does not, in our view, evince "that high degree of moral culpability" necessary to sustain an award of punitive damages, and we modify the judgment to delete that award.

We also agree with Morris Diamond's argument that plaintiff failed to demonstrate its entitlement to an award of attorney's fees pursuant to Debtor and Creditor Law § 276-a. To be entitled to attorney's fees under that section, plaintiff must demonstrate that a fraudulent conveyance was "made by the debtor *and* received by the transferee with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors" (emphasis added). Actual intent may be proven by circumstantial evidence *(see, Marine Midland Bank v Murkoff, supra,* at 128). The circumstantial evidence adduced at trial more than amply supports the jury's conclusion that, in transferring 96,000

shares of Clinical Data stock to his wife's account, Morris Diamond acted with actual intent to "hinder, delay or defraud" plaintiff. There was insufficient evidence adduced, however, to prove that the transferee, Shirley Diamond, received the property with actual intent to "hinder, delay or defraud" plaintiff. It is of no moment that plaintiff sought an award of attorney's fees only from Morris Diamond. Insofar as any future award of attorney's fees referred to in the judgment is made pursuant to Debtor and Creditor Law § 276-a, it must be vacated. We have examined defendants' remaining arguments and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Fraud.) Present—Denman, P. J., Balio, Lawton, Doerr and Davis, JJ.