■ James Staples, as Administrator of the Estate of Alice M. Staples, Deceased, Appellant, v Darcy L. Sisson et al., as Coadministrators of the Estate of Clyde E. Sisson, Deceased, Respondents. [711 NYS2d 550] —Spain, J. Appeal from a judgment of the Supreme Court (Benson, J.), entered April 19, 1999 in Albany County, upon a dismissal of the complaint at the close of plaintiff's case.

During the investigation of a house fire in July 1992, the bodies of Alice M. Staples and Clyde E. Sisson were discovered

in a bedroom where the fire did the most damage. It was subsequently determined that Staples died as the result of a .22-caliber gunshot wound to the head and that Sisson died as the result of a self-inflicted shotgun wound to the head. The cause of the fire never was determined. Plaintiff, as administrator of Staples' estate, commenced this wrongful death action against Sisson's estate, alleging that Sisson either intentionally or negligently shot Staples to death. At the close of plaintiff's case, defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

Judgment dismissing the complaint at the close of a plaintiff's case is warranted when, after affording the nonmoving party every inference which may be drawn from the facts presented and considering the facts in a light most favorable to the nonmoving party, there is no rational process by which the trier of fact could base a finding in favor of the nonmoving party (*see, Szczerbiak v Pilat*, 90 NY2d 553, 556; *Winslow v Freeman*, 257 AD2d 698, 699). Initially, we reject plaintiff's contention that the reduced level of proof established by *Noseworthy v City of New York* (298 NY 76) is applicable to this case. The *Noseworthy* doctrine, which is based on the theory that it is unfair to permit a defendant who has knowledge of the facts to benefit by remaining mute in a wrongful death action where the decedent is unavailable to describe the occurrence (*see, Bochnak v Mackes*, 159 AD2d 882, 884, *lv denied* 76 NY2d 706), has no application where, as here, plaintiff and defendants are similarly situated insofar as accessibility to the relevant facts is concerned (*see, Wright v New York City Hous. Auth.*, 208 AD2d 327, 331). Nevertheless, we agree with plaintiff that Supreme Court erred in dismissing the complaint.

Sisson and Staples had lived together for a number of years in the house owned by Sisson. Staples' body was found lying on its left side on the bed and, according to the autopsy report, it appeared that she may have been sleeping when she was shot. The autopsy report also noted a $3/4$-inch contact wound on the right side of the skull where the bullet entered and that "gases from gunshot would fracture skull". Bullet fragments removed during Staples' autopsy were tested and found to be consistent with having been fired from one of two .22-caliber rifles found in the house. Sisson's body was found lying face up and crossways on the bed with his head on Staples' torso. He held the barrel of a shotgun in his left hand; the butt of the shotgun rested on the floor. He died from a gunshot through the mouth. Neither victim exhibited the presence of soot from the fire in

the trachea. The Sheriff's Department's senior investigator in charge of investigating the deaths testified that the investigation led her to believe that the doors to the house were locked and that the bodies had not been moved prior to discovery. She also testified that her investigation led her to conclude that Sisson shot Staples and then shot himself.

" '[C]ircumstantial evidence consists of proof of collateral facts from which the fact or facts in issue may indirectly be established' " (*Delacy v Ettrich*, 217 AD2d 838, 839, quoting *Sherman v Concourse Realty Corp.*, 47 AD2d 134, 137; see, 1A PJI 1:70, at 90 [3d ed]). "Circumstantial evidence is sufficient if it supports the particular inference even though it does not negate the existence of remote possibilities which are inconsistent with the inference" (*Delacy v Ettrich, supra*, at 839). Thus, a prima facie case was established if plaintiff demonstrated facts and circumstances from which Sisson's tortious conduct and Staples' death as a result of that conduct may be reasonably inferred (see, *Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744). Contrary to defendants' argument, plaintiff was not obligated to exclude all other possible causes for the shooting, provided that the proof must demonstrate that the other causes are sufficiently remote to enable a jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence (see, *id.*, at 744).

Applying these principles to this case, we conclude that the evidence heretofore outlined was sufficient to permit the jury to conclude—by resort to logical inferences rather than speculation—that Sisson shot Staples in the head with a .22-caliber rifle. On the issue of intent, "it is well settled that intent may be proved by circumstantial evidence" (*People v Stacey*, 173 AD2d 960, 962, *lv denied* 79 NY2d 832; see, *Key Bank v Diamond*, 203 AD2d 896, 897). "[I]ntent is a mental operation that ordinarily must be inferred by an examination of all the facts and circumstances" (*People v Steinberg*, 79 NY2d 673, 685), and upon finding that Sisson shot Staples, a jury could infer that Sisson intended the natural and probable consequences of shooting Staples in the head (see, *id.*, at 685; *People v Getch*, 50 NY2d 456). Accordingly, we conclude that plaintiff established a prima facie case of intentional tort (*cf., Finch v Swingly*, 42 AD2d 1035).

We reject defendants' contention that a directed verdict was justified as a result of the opening statement by plaintiff's counsel that "[t]o a certain degree, it is a mystery as to what happened". Defendants' motion at the close of plaintiff's case focused on the sufficiency of the evidence submitted by plaintiff,

not on the claimed admission by counsel during his opening statement which we find equivocal in any event. With regard to plaintiff's negligence cause of action, we conclude that the evidence was insufficient as a matter of law. The record—particularly the testimony concerning the position of Staples' body and the autopsy report—demonstrates that a jury would have to resort to speculation to conclude that the shooting of Staples was unintentional and the result of Sisson's failure to exercise reasonable care.

Crew III, J. P., Carpinello, Graffeo and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as dismissed the intentional tort cause of action in plaintiff's complaint; matter remitted to the Supreme Court for a new trial on said cause of action, with costs to abide the event; and, as so modified, affirmed.