**In re Mark Allen KOVLER and Elyse Hope Kovler, Debtors.**

**Bettijaine Gentry and Gentry Promotions, Inc., Plaintiffs,**

v.

**Mark Allen Kovler and Elyse Hope Kovler, Defendants.**

Bankruptcy No. 98–20635(ASH).
Adversary No. 98–5227 (ASH).

United States Bankruptcy Court, S.D. New York.

July 22, 2005.

Nathan Horowitz, White Plains, NY, for Debtor.

---

### ORDER CORRECTING DECISION AFTER TRIAL

ADLAI S. HARDIN, JR., Bankruptcy Judge.

On January 14, 2000, this Court issued a decision after trial in this adversary proceeding, *Gentry v. Kovler (In re Kovler)*, 249 B.R. 238 (Bankr.S.D.N.Y.2000). In that decision, the Court mistakenly misattributed a quote and misstated the propositions for which several cases stand. None of these errors affects the legal standard applied nor the conclusion the Court reached in the decision. However, because these errors misstate and misquote decisions of other courts, they should be corrected. Therefore, it is hereby

**ORDERED** that the paragraph on page 243–44 in this Court's January 14, 2004 Decision After Trial, *Gentry v. Kovler (In re Kovler)*, 249 B.R. 238 (Bankr.S.D.N.Y. 2000), that reads:

"To prevail in an action under Section 276, the plaintiff must establish that (1) the thing disposed of must be of value, out of which the creditor could have realized a portion of his claim; (2) it must be transferred or disposed of by the debtor; and (3) it must be done with intent to defraud." *In re Montclair Homes, Inc.*, 200 B.R. 84, 96 (Bankr. E.D.N.Y.1996), citing *Hoyt v. Godfrey*, 88 N.Y. 669 (N.Y.1882). To declare a conveyance fraudulent, actual intent to defraud is necessary. *Spear v. Spear*, 101 Misc.2d 341, 421 N.Y.S.2d 277 (N.Y.Cty.1979). Mutual fraudulent intention on the part of both parties to the transaction is required in order to invoke the protection of the law prohibiting fraudulent conveyances; fraudulent intent on the part of one of the parties is insufficient. "The transferee must have participated or acquiesced in the transferor's fraudulent act." *Anderson v. Blood*, 152 N.Y. 285, 46 N.E. 493, *reh'g*

*denied*, 153 N.Y. 649, 47 N.E. 1105 (N.Y. 1897); *Key Bank of New York v. Diamond*, 203 A.D.2d 896, 897, 611 N.Y.S.2d 382, 384 (4th Dep't 1994). Actual intent to hinder, delay or defraud creditors must be proved. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991) (recovery or attorneys' fees under Section 276–a requires "explicit finding of actual intent to defraud" by both the transferor and the transferee), citing *Marine Midland Bank v. Murkoff*, 120 A.D.2d 122, 508 N.Y.S.2d 17, 20–21 (2d Dep't 1986). Actual intent to defraud is a prerequisite for an award of attorneys' fees under Section 276–a. *Domino Media, Inc. v. Kranis*, 9 F.Supp.2d 374 (S.D.N.Y.1998), *aff'd* 173 F.3d 843 (2d Cir.1999).

be replaced with the following paragraph:

"To prevail in an action under Section 276, the plaintiff must establish that (1) the thing disposed of must be of value, out of which the creditor could have realized a portion of his claim; (2) it must be transferred or disposed of by the debtor; and (3) it must be done with intent to defraud." *Goscienski v. LaRosa (In re Montclair Homes)*, 200 B.R. 84, 96 (Bankr.E.D.N.Y.1996) (citing *Hoyt v. Godfrey*, 88 N.Y. 669 (1882)). To declare a conveyance fraudulent, actual intent to defraud is necessary. *Spear v. Spear*, 101 Misc.2d 341, 346, 421 N.Y.S.2d 277, 280 (N.Y.Sup.Ct.1979). Where the plaintiff establishes actual and mutual fraudulent intent by both parties, the transaction is a fraudulent conveyance regardless of consideration or the solvency of the transferor. *Golden Budha Corp. v. Canadian Land Co. of America*, 931 F.2d 196, 201 (2d Cir. 1991) ("If 'the transferee participated or acquiesced in the transferor's fraudulent design...the transaction falls within the condemnation of the fraudulent conveyance statutes, without regard to the ade-

quacy or nature of the consideration, the solvency of the transferor, or the primary purpose of the transferee to secure a profitable purchase.'" (quoting 30 N.Y. Jur. 2d *Creditor's Rights* § 243 (1983))); *U.S. v. McCombs*, 30 F.3d 310, 327–28 (2d Cir.1994) ("[S]ection 276 focuses on the 'actual intent' of the transacting parties…[and]…where actual intent to defraud creditors is proven, the conveyance will be set aside regardless of the adequacy of consideration given."). Actual intent to defraud is a prerequisite for an award of attorneys' fees under Section 276–a, *Domino Media, Inc. v. Kranis*, 9 F.Supp.2d 374 (S.D.N.Y.1998), *aff'd* 173 F.3d 843 (2d Cir.1999), and that intent must be mutual. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991) (recovery of attorneys' fees under Section 276–a requires "explicit finding of actual intent to defraud" by both the transferor and the transferee) (citing *Marine Midland Bank v. Murkoff*, 120 A.D.2d 122, 508 N.Y.S.2d 17, 20–21 (2d Dep't 1986)); *Key Bank of New York v. Diamond*, 203 A.D.2d 896, 897, 611 N.Y.S.2d 382, 384 (4th Dep't 1994).

and;

**ORDERED** that the correction above be considered only as correcting the misstatement and misattribution of other courts' decisions and that the correction in no way affects the legal standard or legal and factual findings contained therein.

It is further

**ORDERED** that this adversary proceeding, closed on February 10, 2003, be reopened solely to docket this order and that this adversary proceeding be closed again immediately thereafter.