■ RAFAEL DIAZ GUTIERREZ et al., Respondents, v L. RAUL BERNARD et al., Defendants, and MICHAEL SCHNEIDER et al., Appellants. [865 NYS2d 212]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered January 3, 2008, vacating, on plaintiffs' motion, an assignment of the contract of sale from defendant Vera to defendant Schneider as a fraudulent conveyance, and directing assignment of the shares and proprietary lease to plaintiff Gutierrez, unanimously reversed, on the law, without costs, the order and judgment (one paper) vacated, and the matter remanded for a hearing in accordance with this decision.

Plaintiffs allege that defendants Vera and Bernard engaged in a fraudulent conveyance under the Debtor and Creditor Law when Vera assigned her contract to purchase a cooperative apartment at an insider's price. While, as we held in our prior decision in this matter, intangible property—here, the contract to purchase the cooperative apartment—may be subject to execution (*Gutierrez v Bernard*, 27 AD3d 377, 378 [2006]; *see also ABKCO Indus. v Apple Films*, 39 NY2d 670 [1976]), an essential prerequisite to a fraudulent conveyance claim is that the debtor actually convey "tangible or intangible property" (Debtor and

Creditor Law § 270). Stated another way, "the thing disposed of must be of value, out of which the creditor could have realized all, or a portion of his claim" (*Hoyt v Godfrey*, 88 NY 669, 670 [1882]; *see also IDC [Queens] Corp. v Illuminating Experiences*, 220 AD2d 337 [1995]; 30 NY Jur 2d, Creditors' Rights and Remedies § 319).

Here, defendants argue that Vera's right to purchase the shares appurtenant to the apartment was challenged by the cooperative, and that the assignment to Michael Schneider was part of the settlement of Vera's lawsuit against the cooperative. Defendants maintain that as a result, Vera's contract was valueless as it could not have been utilized by Vera to purchase the apartment. Plaintiffs, on the other hand, argue that Vera would have prevailed in the underlying lawsuit because she had an absolute right to purchase the apartment based on her contract, the offering plan and the proprietary lease and that the settlement agreement was just a mechanism through which Vera fraudulently conveyed the right to purchase the shares to Schneider.

It is our view, at this juncture, that an issue of fact exists as to whether the contract was, indeed, of no value to Vera because of the cooperative's refusal to sell the shares to her, or whether the assignment of the contract was nothing more than a means of enabling the conveyance of the shares to someone other than Vera while extinguishing her claims, and whether such conveyance was fraudulent under the Debtor and Creditor Law. We further note that plaintiffs, if they prevail, would stand in Vera's shoes and if it is determined that the conveyance was fraudulent, plaintiffs would acquire, at most, Vera's right to enter into the contract. Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ. [*See* 2007 NY Slip Op 33666(U).]