Kirchner v Bernard (2018 NY Slip Op 03890)





Kirchner v Bernard


2018 NY Slip Op 03890


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


107111/05 5694 5693

[*1]Ted A. Kirchner, etc., et al., Plaintiffs-Respondents,
v
L. Raul Bernard also known as Luis R. Bernard, etc., et al., Defendants, Michael Schneider, et al., Defendants-Appellants.


José Luis Torres, White Plains, for appellants.
Daniel Cobrinik P.C., New York (Daniela Cobrinik of counsel), for respondents.



Order (denominated a judgment), Supreme Court, New York County (Milton A. Tingling, J.), entered August 14, 2014, which, after a hearing, granted judgment in favor of plaintiffs on their claims of fraudulent conveyance under the Debtor and Creditor Law, unanimously reversed, on the law, without costs, plaintiffs' motion for summary judgment denied and defendants Michael Schneider and Sandra Bernard Schneider's cross motion for summary judgment dismissing the complaint as against them granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court (Richard F. Braun, J.), entered February 1, 2016, to the extent it denied defendants' motion to dismiss the action as abandoned pursuant to 22 NYCRR 202.48, unanimously dismissed, without costs, as academic.
In 1999, defendant Dolores Vera commenced an action for a declaratory judgment against the sponsor and the cooperative board to enforce her contract to purchase shares of a cooperative apartment, located in a building on the Upper West Side of Manhattan, at a significantly reduced insider's price [FN1]. The cooperative objected to the sale to Vera on the ground that she had failed to provide adequate information as to her financial stability. The parties eventually entered into a settlement agreement in March 2002, pursuant to which Vera assigned "all of her right, title and interest" in the contract to defendant Michael Schneider, her niece's husband who currently occupies the apartment, along with his wife and child and other extended family members. A few months later, in a separate lawsuit, entry of a judgment was ordered in favor of plaintiff Rafael Diaz Gutierrez [FN2] and against Vera in an amount exceeding $400,000, which to date has not been satisfied. Plaintiffs allege that Vera's assignment to Schneider of her contract to purchase the shares of the cooperative apartment at an insider's price was a fraudulent conveyance under [*2]the Debtor and Creditor Law. On the last appeal in this action, we remanded the matter for a hearing to determine "whether the contract was, indeed, of no value to Vera because of the cooperative's refusal to sell the shares to her, or whether the assignment of the contract was nothing more than a means of enabling the conveyance of the shares to someone other than Vera while extinguishing her claims, and whether such conveyance was fraudulent under the Debtor and Creditor Law" (Gutierrez v Bernard, 55 AD3d 384, 385 [1st Dept 2008]).
After a hearing, the court granted judgment in favor of plaintiffs, on the ground that Vera was bound by the position she had taken in her prior lawsuit against the cooperative to enforce her right to purchase the apartment. Upon our review of the hearing testimony and evidence, we conclude that plaintiffs did not meet their burden to show that the assignment of the contract was fraudulent under the Debtor and Creditor Law. At the hearing, plaintiffs put forth only one witness, an attorney, who opined as to the meaning of certain paragraphs in the amended complaint and answer, a probable outcome of Vera's action against the cooperative had it continued, and his interpretation of case law. The testimony of defendants' witnesses concerning the events leading to the assignment of the contract supported their position that the assignment was nothing more than a means of enabling the conveyance of the shares to Schneider while extinguishing Vera's claims in her action against the cooperative. Plaintiffs submitted no proof rebutting this testimony and their contention that Vera would have prevailed in the action against the cooperative is speculative.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK



Footnotes

Footnote 1: Vera previously resided in the apartment, which was in a rent-controlled building that was converted to a cooperative in 1981. At the time of the conversion none of the defendants in this action, all prior or current apartment occupants, purchased the apartment, and the shares allocable to the apartment were owned by the sponsor.

Footnote 2: Mr. Gutierrez has since passed away and his interests are represented in this case by plaintiff Ted A. Kirchner, in his capacity as executor for Mr. Gutierrez's estate.