## E. P. BURNHAM *v.* LANGDON MARSHALL.

*Conditional Sale.    Trover.    Commixture.    Demand.*

1. COMMIXTURE.   ' When one is in lawful possession of property on which there is a lien, commingling it—in this case, honey—with his own, is not a conversion, and a demand is necessary.
2. CONVERSION.  But in such case, claiming to own it, selling it after a demand, and taking the proceeds, constitute a conversion.
3. DAMAGES.  The whole of such property on a wilful commingling became the lienholder's; and owning the whole would not be an obstacle to his recovering for a part, namely, what his lien covered.
4. VERBAL LIEN (R. L. s. 1992),is valid *between the parties;* and when given by an intestate, it must be recognized by his administrator.
5. A lien on the *new* honey that bees should make, was valid.

TROVER for fourteen swarms of bees, their honey and hives. Plea, general issue.  Trial by court, September term, 1882, Washington County, REDFIELD, J., presiding.  Judgment for the plaintiff to recover for all property covered by his lien.  The defendant was the administrator of the estate of E. L. Marshall. The plaintiff sold to the defendant's intestate the bees, hives, etc., in question, reserving a verbal lien thereon, and also on the new

honey which the bees should make. The time had expired for payment when the intestate deceased.

The property was delivered at the time of the sale to the vendee ; and the honey in question consisted of the old honey in the hives at the time of the sale, and the new honey produced after the sale. The bees were placed by the intestate on stands with more than 100 other swarms belonging to him ; small boxes were put into the fourteen hives, and when filled were taken out and left in a store room with like boxes of honey made by the other swarms, and so commingled that their identity was lost. The defendant, after he was appointed administrator, had control of the bees and commingled the honey in the same manner that his intestate had in his life time. No demand was made on the intestate ; but the plaintiff gave notice to the defendant of his lien, and demanded the property covered by it. The defendant sold the property and took the proceeds for his own use.

*D. C. Denison & Son,* for the defendant, cited on the question that the lien was not valid, R. L. s. 1992 ; Bugbee *v.* Stevens, 53 Vt 389 ; Brayt. 41 ; 2 D. Chip. 61 ; 6 Vt. 113 ; that trover would not lie against the administrator for the acts of his intestate, 8 M. & W. 856.

*Frank Plumley* and *Z. S. Stanton,* for the plaintiff.

The lien was valid. *Burwell* v. *Marvin,* 44 Vt. 277 ; *Buckmaster* v. *Smith,* 22 Vt. 203 ; *West* v. *Bolton,* 4 Vt. 558 ; *Kelsey* v. *Kendall,* 48 Vt. 24 ; *Clark* v. *Hayward,* 51 Vt. 14 ; *Gragg* v. *Hull,* 41 Vt. 222 ; 2 Hill. Torts, 98. There was a conversion. 6 Wait Act. and Def. 130, 164 ; *Sargent* v. *Gile,* 8 N. H. 325 ; *Tinker* v. *Morrill,* 39 Vt. 480. Commingling and sale : *Hart* v. *Ten Eyck,* 2 Johns. Ch. 62 ; *Stephenson* v. *Little,* 10 Mich. 433 ; *Ryder* v. *Hathaway,* 21 Pick. 305 ; *Leonard* v. *Belknap,* 47 Vt. 602 ; *Willard* v. *Rice,* 11 Met. 493 ; *Adams* v. *Wildes,* 107 Mass. 123 ; 76 Ill. 479 ; 9 Barb. 630.

The opinion of the court was delivered by

TAFT, J. The commingling of the honey by the defendant's

Burnham *v.* Marshall.

intestate, did not of itself constitute a conversion of it. It was lawfully in his possession, and no demand of it was made of him; so that the question of whether trover will lie against an administrator, for a conversion by his intestate, does not arise.

The plaintiff demanded the property of the defendant, who, then and there, had it in his possession and control, and who refused to deliver it to the plaintiff, upon the ground that the lien reserved at the time of the sale was invalid, not being evidenced by writing, recorded as provided in *R. L.* s. 1992. The sale of the property *as between the parties* was a valid one. The defendant was not an attaching creditor within the meaning of the statute and had no more right to the property than his intestate had at the time of his death.. The lien reserved being a valid one, the defendant, in possession of the property exercising dominion over it, claiming to own it, and subsequently selling it, taking the proceeds for his own use, a lawful demand having been made, was guilty of a conversion in refusing to deliver it.

The defendant claiming to own the plaintiff's honey wilfully commingled it with his own, so that it was impossible to identify it, it might well be held, that all of the property became the plaintiff's.

If so, he might under the circumstances disclosed in this case maintain an action for the value of the whole; but as he seeks to recover for only what he originally owned we think the defendant cannot complain of the judgment below; which is affirmed.