In re David A. LYONS d/b/a Leeswood Farms, Debtor.

COMMUNITY BANK, NATIONAL ASSOCIATION, Plaintiff/Appellant,

v.

David A. LYONS and Susan Lyons, Defendants/Respondents.

Civ. A. No. 3:94–CV–682 (TJM).

United States District Court, N.D. New York.

Jan. 17, 1995.

The Crossmore Law Office (Edward V. Crossmore, of counsel), Ithaca, NY, for plaintiff/appellant.

Allen J. Bentofsky, Auburn, NY, for defendants/respondents.

### MEMORANDUM DECISION AND ORDER

McAVOY, Chief Judge.

This matter comes on appeal from a decision of the Bankruptcy Court of the Northern District of New York. The district court has jurisdiction pursuant to 28 U.S.C. § 158(a).

The defendant-debtor, Mr. David Lyons, filed for relief pursuant to Chapter 11 of the Bankruptcy Code on December 9, 1991. He continues to operate a horse farm in the Town of Phelps in Ontario County, New York as a debtor-in-possession. The farm is located on a tract of approximately 155 acres. There are also three rental properties located on the property which generate rents of $1,350.00 per month when all are occupied. The property is owned by Mr. Lyons and his wife, Susan Lyons, as tenants by the entirety.

Plaintiff Community Bank, N.A. of Olean, New York, obtained a judgment in the New York State Supreme Court for Seneca County, Index No. 27108, in the sum of $138,-854.19 against Mrs. Lyons on October 14, 1993. This judgment was obtained based on a mortgage-note which Mrs. Lyons co-signed with Mr. Lyons. The judgment expressly does not merge the instrument with the judgment and retains plaintiff's rights against Mr. Lyons on the debt instrument. In connection with the judgment, the Bank served Mrs. Lyons with an income execution requiring that she pay ten percent of her monthly income to the Bank.

Plaintiff-bank now seeks to have one half of the income generated by the rentals on the jointly owned property declared to be the property of Mrs. Lyons and therefore includible in her income for purposes of its income execution. The plaintiff further seeks appointment of a receiver by the state court to accept payments of this money from the debtor defendant, Mr. Lyons. The defendant argues that the rentals are part of his bankruptcy estate and that the action sought by the plaintiff is subject to the automatic stay provision of § 362(a) of the Bankruptcy Code.

The bankruptcy court found that the income from the rentals was part of the bankruptcy estate and therefore subject to the automatic stay. Summary judgment was therefore granted to the defendant. The defendant's counterclaim seeking an injunction restraining plaintiff from executing on the rental income was also granted.

Though there is some case law concerning the division of property held as tenants by the entirety in New York, that case law is primarily concerned with marital termination

by either death or divorce. After exhaustive research this court has found no authority addressing the precise question before this court on appeal: the forced payment of income from property owned by tenancy in the entirety by a bankrupt and non-bankrupt spouse to the non-bankrupt's creditor. The question then is one of first impression.

 The first task in this Court's analysis is that of determining the nature of Mrs. Lyons interest in the future rents in this context: whether that interest should be conceptualized as an interest in property or whether it more properly found to be an interest in the nature of a debt due and owing to Mrs. Lyons. Relying on *In re Ford*, 3 B.R. 559 (Bankr.D.Md.1980), the defendant contends that this can be determined through the application of federal law. The court finds defendant's reliance on *Ford* misplaced. *Ford* does state that "[t]he question of what constitutes property within the meaning of § 541 of the Code apparently continues to remain a federal question." *Id.* at 564 (citations omitted). It is also clear from the plain language of 11 U.S.C. 541(a)(6) that *Mr.* Lyons' share of the rents generated by the property are part of the bankruptcy estate and therefore subject to the automatic stay of 11 U.S.C. § 362. *See Greenblatt v. Ford*, 638 F.2d 14, 14–15 (4th Cir.1981); *In re Vienna Park Properties*, 976 F.2d 106, 111 (2d Cir.1992). However, the nature of *Mrs.* Lyons' interest in the rents is the relevant question and *Ford* goes on to say that "the existence and nature of the debtor's interest in tenants by entireties property are determined by nonbankruptcy law." *Ford* at 565. It is likewise well settled that the determination of the nature of both debtors' and creditors' property rights in bankruptcy have been left by Congress to state, not federal, law. *See Butner v. U.S.*, 440 U.S. 48, 54, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979); *In re STN Enterprises, Inc.*, 45 B.R. 935, 939 (Bankr.D.Vt.1984). Therefore the determination of the nature of the relevant interest in this case is governed by New York law.

The next question, then, is whether under New York law Mrs. Lyons' interest in the future rents is a debt or a property interest. If the interest is a debt, the holding of *Glassman v. Hyder*, 23 N.Y.2d 354, 244 N.E.2d 259, 296 N.Y.S.2d 783 (1968), that a debt for future rents is not a debt certain and therefore is not attachable, is arguably applicable.[1]

 Plaintiff–Bank urges that *Glassman* is inapplicable because its cause of action is actually one against Mr. Lyons for the payment to Mrs. Lyons of her one-half of the rent payments already collected. This Court rejects that conceptualization of the bank's cause of action. Even if plaintiff were allowed to proceed in this guise it would follow that any actions for excess rents paid to Mr. Lyons must be subject to the automatic stay in place under 11 U.S.C. § 362. To hold otherwise would allow plaintiff to circumvent Mr. Lyons' bankruptcy protections by the simple expedient of stepping into the shoes of Mrs. Lyons. But whether the cause of action is conceptualized as Mrs. Lyons' or the banks, Mr. Lyons is protected by the bankruptcy stay. Furthermore, this Court concurs in the Bankruptcy Court's finding that there is "no law that would compel Mrs. Lyons to sue the debtor for her share of the rental income." *See* Memorandum–Decision p. 6.[2]

 In order to proceed then, plaintiff is forced to attempt to conceptualize the rents

---

1. Further complicating matters, the New York Court of Appeals pointed out in *Abko Industries v. Apple Films, Inc.*, 39 N.Y.2d 670, 350 N.E.2d 899, 385 N.Y.S.2d 511 (1976), that *Glassman*'s holding arose in the context of a property whose situs was out of state and therefore outside the jurisdiction of the New York courts. Classification as a debt was an attempt to gain jurisdiction based on the fact that the property owners conducted business in New York. In short, the Court of Appeals in *Abko* left *Glassman's* continuing vitality uncertain.

2. Plaintiff also seeks to rely on Professor Seigel's NYCPLR commentary to discredit *Glassman*. Professor Siegel states that "the overall purpose of [NYCPLR] Article 52 is to aid the judgment creditor in the collection of the judgment." NYCPLR § 5201, commentary at 55 (McKinney 1978).

 However, since in this Court's view Mrs. Lyons' interest is best viewed as an interest in real property, *see infra*, § 5202 of the New York Civil Practice Law and Rules and its rationales, which deal with personal property only, are inapplicable.

as debts due Mrs. Lyons, in order to sweep these monies into the ambit of their income execution. Facing this question squarely, this Court finds that it need not resolve the tension between *Glassman* and *Abko* on this appeal. This Court rejects plaintiff's debt-conceptualization of Mrs. Lyons' interest and finds that for bankruptcy purposes, Mrs. Lyons' interest in the income from property held by tenancy in the entirety is best viewed as a property interest. This conclusion proceeds from New York State Law's treatment of these interests for other purposes. The Court notes that rents resulting from leases on real property are generally held to be property interests in real property. Section 6–5.12 of the New York Estates, Powers and Trusts Law states:

> A disposition of the rents, profits or other income from property accruing at any time subsequent to the execution of the instrument creating such disposition is subject to the rules governing future estates in property.

§ 6–5.12 NYEPTL. Future estates have all of the characteristics of property, including descendibility, devisability and alienability. *See* NYEPTL § 6–5.1. This Court therefore finds that Mrs. Lyons' interest is properly viewed as a property interest in real property. *cf. Greenblatt v. Ford*, 638 F.2d 14, 14–15 (4th Cir.1981) ("[T]he filing of a bankruptcy petition solely by the husband does not sever the estate of tenancy by the entirety in either real or personal property held as such by the debtor and his wife under Maryland law.")

▮ It is incumbent upon this Court then, to look first to the general purposes of the statute giving rise to Mrs. Lyons' property interest: New York's Married Women's Property Act, New York Domestic Relations Law § 50. This Court finds, after analyzing the Act's text, its history and its situs in the Domestic Relations Law, that the primary purpose of § 50 was to protect a spouse's property interest in jointly held property at the time of marital termination, either by death or divorce. In the commentary to NYDRL § 50 Professor Scheinkman states:

> [Section 50] may be read as holding that, even though the husband may have a potential distribution claim against certain

property of the wife in the event a matrimonial action is commenced between them, his creditors have no interest in property of the wife unless and until an award is made to him.

NYDRL § 50, commentary at 228 (McKinney 1988). While this comment speaks to marital dissolution and is predicated on a "matrimonial action," this Court finds that this rationale may be extended to provide the most appropriate resolution of the instant case. The primary purpose of establishing a spouse's one-half interest in property held as tenants by the entirety was to protect the spouse in the event of marital termination: not to provide "back door" access to the assets of an income stream in a bankruptcy estate.

Finally, this Court joins the Bankruptcy Court's view that not only is this view of the income from the Lyons' tenancy by the entirety most consistent with New York State Law, it is most harmonious with the purposes of the protections of bankruptcy generally. The bankruptcy court cited the following in support of its conclusion that this income was most properly viewed as part of Mr. Lyons' bankruptcy estate:

> If the money which a married woman might have had secured to her own use is allowed to go into the business of her husband, and be mixed with his property, and is applied [to the purchase of real estate] for his advantage, or for the purpose of giving him credit in his business and is thus used for a series of years, [there being no specific agreement when the same is purchased that such real estate shall be the property of the wife] the same becomes the property of the husband for the purpose of paying his debts.

*Humes v. Scruggs*, 94 U.S. 22, 27–28, 24 L.Ed. 51, 53 (1876). While the parties roles are reversed here, the underlying reasoning remains persuasive. The court finds the result of this analysis particularly sanguine here, given the nature of plaintiff-bank's underlying action: the claim on which the Bank obtained judgment against Mrs. Lyons gave rise to joint liability against both the Lyons. To allow plaintiff, by reserving their claim against their bankrupt-debtor and proceed-

ing only against Mrs. Lyons, to disturb the income stream of the bankrupt-debtor and avoid their place in line with Mr. Lyons' other creditors, thereby circumventing the priority of creditors' claims, would be an unseemly and anomalous result.

THEREFORE, for all the foregoing reasons the decision of the bankruptcy court granting summary judgment to the defendant and granting the injunction against the execution on the rental income is hereby AFFIRMED.

**IT IS SO ORDERED.**