■ Sapphire Estate Ltd., Appellant, v Sun Shan Lee Realty, Inc., et al., Respondents. [740 NYS2d 196] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered on or about May 15, 2001, which denied plaintiff's motion for a preliminary injunction and granted defendants' cross motion dismissing the complaint, unanimously modified, on the law, defendants' cross motion denied as to the first three causes of action; said causes of action reinstated, and the matter remanded for a factual determination pursuant to CPLR 6312 (c), by hearing or otherwise, to determine whether each of the elements for issuance of a preliminary injunction exist based upon plaintiff's allegations of an easement by implication or prescription, and otherwise affirmed, without costs.

In granting defendants' cross motion, the motion court correctly found that plaintiff is not entitled to an easement by necessity; nor does it have any rights under the license agreement. Nevertheless, construing plaintiff's pleadings liberally and affording plaintiff's allegations the benefit of every possible favorable inference, as we must on a motion to dismiss for failure to state a cause of action, the question to be determined is whether the facts alleged fit within any cognizable legal theory. With those standards in mind, we think that plaintiff, particularly in its second cause of action seeking a declaration that it is "entitled to a sewer easement connecting the pipe running under Plaintiff's building with the sewer pipe under defendant Lee's premises," has alleged sufficient facts to defeat defendants' dismissal motion and to warrant a factual determination, pursuant to CPLR 6312 (c), by hearing or otherwise, on the theory of an easement by implication or prescription. Concur—Andrias, J.P., Saxe, Buckley, Friedman and Marlow, JJ.