■ RAFAEL DIAZ GUTIERREZ, Appellant, v L. RAUL BERNARD, Also Known as LUIS R. BERNARD, Also Known as LUIS RAUL BERNARD, et al., Respondents, et al., Defendant. [814 NYS2d 90]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 5, 2005, which denied plaintiff's motion for a preliminary injunction and dismissed the complaint for failure

to state a cause of action, unanimously reversed, on the law, without costs, the complaint reinstated and the matter remanded for a hearing on plaintiff's motion for preliminary injunctive relief, pending which the stay granted by the order of this Court dated December 22, 2005 shall be continued.

The motion court erred in dismissing the claims at issue. Upon review, the factual allegations presumed to be true, the pleader given the benefit of every favorable inference that can be drawn from the pleading, and supporting affidavits and documentary evidence considered for the limited purpose of determining whether plaintiffs have a cause of action (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Wall St. Assoc. v Brodsky*, 257 AD2d 526 [1999]), it is clear that plaintiff stated claims on several theories for fraudulent conveyance under the Debtor and Creditor Law (*see Shisgal v Brown*, 21 AD3d 845 [2005]).

The motion court erred when it held that the relief sought by plaintiff was a collateral attack on a so-ordered stipulation in another action that precluded him from asserting that the assignment from Vera to Schneider of the contract to purchase the cooperative apartment was not an arm's length transaction. Plaintiff was not a party to the prior action, which did not address his present claims (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659 [1990]; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449 [1985]). The stipulation merely foreclosed any further action between the parties thereto concerning the apartment, with the parties stating that it did not constitute a determination of liability. Not surprisingly, given that it could not affect the rights of nonparties, the settlement included an indemnity provision pursuant to which Vera and Schneider indemnified the cooperative and the owner of the apartment with respect to certain claims arising out of the transfer of the apartment.

Further, intangible property—here, the contract to purchase the cooperative apartment—may be subject to execution (*see ABKCO Indus. v Apple Films*, 39 NY2d 670 [1976]; *Matter of Charney*, 233 AD2d 147 [1996], *lv denied* 89 NY2d 815 [1997]). While the contract, by its terms, may have prohibited Vera from assigning it, the fact remains that Vera did assign the contract to Schneider with the approval of Bernard, the cooperative, and Speiser, the owner of the apartment and a defendant in the prior action. Whether the assignment was nothing more than a means of enabling the sale of the shares to someone other than Vera while extinguishing her claims raises issues of fact that should not have been resolved on a motion to dismiss (*ABKCO Indus. v Apple Films*, 39 NY2d 670 [1976], *supra*).

The complaint should be reinstated and the matter remanded for a factual hearing as to plaintiff's entitlement to a preliminary injunction (CPLR 6312 [c]; *Sapphire Estate v Sun Shan Lee Realty,* 293 AD2d 339 [2002]). Concur—Saxe, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.