**CAPITAL VENTURES INTERNATIONAL, Plaintiff–Appellant,**

v.

**REPUBLIC OF ARGENTINA, Defendant–Appellee.**

**No. 07–2508–cv.**

United States Court of Appeals, Second Circuit.

June 19, 2008.

Jennifer F. Beltrami (M. Norman Goldberger and Kenneth G. Roberts, on the brief), Wolf, Block, Schorr and Solis–Cohen LLP, New York, NY, for Plaintiff–Appellant.

Carmine D. Boccuzzi (Jonathan I. Blackman and Michael J. Byars, on the brief), Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Circuit Judge and Hon. BARBARA S. JONES, District Judge.*

### SUMMARY ORDER

Capital Ventures International ("CVI") appeals from orders dated May 9, 2007 by the United States District Court for the Southern District of New York (Grisea, *J.* ). CVI sought, and was denied, (1) orders attaching certain bank accounts used (or formerly used) to service Argentina's sovereign debt, and (2) an injunction designed to prevent Argentina from holding any Brady Bond to maturity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Argentina does not dispute that CVI was entitled to orders of attachment. Rather, Argentina contends that the now-empty bank accounts at issue cannot be attached because New York law treats them as contingent *debts* under N.Y. C.P.L.R. § 5201(a), rather than as *property* under N.Y. C.P.L.R. § 5201(b). Not so. We have recognized that the New York Court of Appeals "virtually erase[d] the

distinction in [N.Y.C.P.L.R.] § 5201 between 'debt' and 'property'.... If from the judgment creditor's point of view the asset is worth pursuing as a matter of economics, *ABKCO [Indus. v. Apple Films, Ltd.,* 39 N.Y.2d 670, 675, 385 N.Y.S.2d 511, 350 N.E.2d 899 (1976)] authorizes the pursuit notwithstanding the contingent nature of the asset, and even though nothing may come of the chase." *Alliance Bond Fund, Inc. v. Grupo Mexicano De Desarrollo, S.A.,* 190 F.3d 16, 23 (2d Cir.1999) (internal quotation marks omitted).

Argentina counters with *Supreme Merchandise Co. v. Chemical Bank,* 70 N.Y.2d 344, 351, 520 N.Y.S.2d 734, 514 N.E.2d 1358 (1987) (holding that an executory letter of credit is unattachable debt for purposes of N.Y. C.P.L.R. § 5201), to demonstrate that certain assets remain unattachable, even after *ABKCO.* But *Supreme Merchandise* is inapposite: its holding was affected by "policy reasons," *id.,* and those reasons have no bearing on the facts before us. We conclude that the bank accounts are attachable under New York law even though they are empty.

We have also considered Argentina's argument that N.Y. C.P.L.R. § 6214 would render void any order purporting to attach an empty bank account, and find it to be without merit.

We therefore **REVERSE** the district court insofar as it denied CVI's attachment motions, and **REMAND** for entry of orders of attachment. On remand, the district court should take care to craft attachment orders so as to avoid interrupting Argentina's regular payments to bondholders.

The district court properly denied CVI's motion for an injunction designed to prevent Argentina from holding Brady Bonds to maturity. To win an injunction, CVI had to show "irreparable harm," *Covino v.*

*Patrissi,* 967 F.2d 73, 77 (2d Cir.1992), which required CVI to demonstrate that it "will suffer an injury that is neither remote nor speculative, but actual and imminent," *Grand River Enter. Six Nations, Ltd. v. Pryor,* 481 F.3d 60, 66 (2d Cir.2007) (internal quotation marks omitted). CVI's claim of imminent harm amounted to the doubtful assertion that, since Argentina had already defaulted on its principal and repayment obligations, it would likely violate its other contractual obligations as well. Indeed, CVI conceded to the district court that it could adduce no evidence showing that Argentina's repurchase of its bonds was imminent. We therefore **AFFIRM** the district court's denial of the injunction.